UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER ARROTTA; LEON PETERS; DONOVAN HOLLIET, JR.,<br><br>                              Plaintiffs,<br><br>             -against-<br><br>ULSTER COUNTY SHERIFFS DEPARTMENT EMPLOYEES, ET AL.,<br><br>                              Defendants. | 22-CV-4491 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who are currently held in the Ulster County Jail, bring this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated their federal constitutional rights in Ulster County, New York. Named as Defendants are John and Jane Doe employees of the Ulster County Sheriff's Department, John and Jane Doe employees of the Ulster County Jail, Glatt Kosher Foods/Meal Mart ("Glatt"), and Trinity Food Service ("Trinity"). Plaintiff provides work addresses in Kingston, Ulster County, New York, for the Ulster County Sheriff's Department and County Jail Defendants; a Maspeth, Queens County, New York, address for Glatt; and a San Diego, California, address for Trinity. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that Defendants violated their federal constitutional rights in the Ulster County Jail. Plaintiffs allege that Glatt is located in Maspeth, Queens County, New York,[1] that Trinity is located in San Diego, California, and that both Glatt and Trinity provide food services to the Ulster County Jail. Plaintiffs do not provide the residences of any of the John or Jane Doe Defendants, only asserting that the alleged events giving rise to their claims occurred in Ulster County, where these Defendants are employed. Ulster County is located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Because it is unknown where the John and Jane Doe Defendants reside, it is unclear whether venue is proper in either this District or the Northern District of New York under Section 1391(b)(1). Even if the Court did assume that the John and Jane Doe Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiffs' claims occurred in Ulster County, venue would also be proper in Northern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[1] Maspeth is in Queens County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Ulster County, where Plaintiff is incarcerated and where the John and Jane Doe Defendants are employed, and it is reasonable to expect that all relevant documents and witnesses also would be in Ulster County. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 8, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge